IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Criminal Case No. 06-CR-00211-LTB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MAXIMO VALDEZ-LECHUGA,

      Defendant.

_____

ORDER
_____

      Having entered a guilty plea and while awaiting sentencing, the defendant, Maximo Valdez-Lechuga, moves pursuant to Fed. R. Crim. P. 41(g) for the return of $2,400.00 in United States currency, taken from him during his arrest by the Grand Junction Police Department. The Government represents that it does not possess the money and has not possessed it at any time. It further asserts that it has attempted to intercede with state authorities on Mr. Valdez-Lechuga's behalf, without success; two persons being prosecuted with Mr. Valdez-Lechuga in state court on weapons and narcotics charges believe that Mr. Valdez-Lechuga's possession of the money at the time of arrest exculpates them.

      Rule 41(g) (formerly Rule 41(e)) states,

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Tenth Circuit has noted that Rule 41(g) is an equitable remedy, available only to a defendant who demonstrates irreparable harm and an inadequate remedy at law. *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999); *United States v. Copeman*, – F.3d –, 2006 WL 2361618, *1 (10th Cir. 2006). It can serve as a vehicle for the return of property seized by state authorities under enumerated circumstances: "actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity." *Clymore*, 164 F.3d at 571. Mr. Valdez-Lechuga has produced no evidence that any of those circumstances occur here.

The Government's representations demonstrate that it enjoys neither actual nor constructive possession of the money. It expresses no intention to use the money as evidence in this case, nor do the elements of the offense with which Mr. Valdez-Lechuga is here charged suggest the efficacy of that course. *See Clymore*, 164 F.3d at 571; *Copeman*, 2006 WL 2361618 at *2. Also, Mr. Valdez-Lechuga does not indicate that he has explored his state-law remedies. *Copeman*, 2006 WL 2361618 at *3. For those reasons, the motion is DENIED.

Dated: August   31  , 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge